1    Robert C Weems (SBN 148156)
     Weems Law Offices
2    769 Center Blvd., PMB 38
     Fairfax, CA 94930
3    Ph: 415.881.7653
     Fx: 866.610.1430
4    rcweems@weemslawoffices.com

5    Attorney for Plaintiff
     MICHELLE LEANNE FABBRO

6

7                  **UNITED STATES DISTRICT COURT**

8                  **EASTERN DISTRICT OF CALIFORNIA**

9                      **SACRAMENTO DIVISION**

10

11   MICHELLE LEANNE FABBRO,          Case No. 2:24-cv-01494-CSK

12                  Plaintiff,         **THIRD STIPULATION AND**
                                       **MODIFIED [PROPOSED] ORDER FOR**
13         v.                          **EXTENSION OF TIME FILED BY**
                                       **MICHELLE LEANNE FABBRO**
14   COMMISSIONER OF SOCIAL SECURITY,
15   MARTIN O'MALLEY,

16                  Defendant.

17

18         Subject to the approval and any further orders of the Court, the parties, by and through

19   counsel of record, stipulate and agree that Plaintiff's time to file her opening brief/motion for

20   summary judgment should be extended from October 3, 2024, to December 2, 2024, a total of

21   sixty days, all other deadlines to be determined by reference to the Supplemental Rules for Social

22   Security Actions under § 405(g) and the Court's procedural order, and that good cause supports

23   the extension of time.

24         This is Plaintiff's third request for an extension of time.

25         Plaintiff's first request was filed August 19, 2024, requesting an additional 45 days for

26   filing Plaintiff's opening brief from August 23, 2024, to October 3, 2024 [ECF No. 9]. Plaintiff's

27   first request was granted August 20, 2024, by minute order [ECF No. 10].

28

                                           1

Plaintiff's second request was filed October 4, 2024, [ECF No. 14]. Plaintiff's second request was denied without prejudice on October 8, 2025, by minute order for failing to establish good cause as request failed to provide sufficient information for the Court to determine whether good cause exists to warrant extending the deadline [ECF No. 15].

The good cause supporting this request for extension of the filing deadline includes:

**1.  The length of the administrative record and its complex procedural history.**

This is the third case filed by Plaintiff for review of the Commissioner's denial of her disability benefits application (in whole or part). *Fabbro v Commissioner of Social Security*, Case No. 2:20-cv-01052-AC (*Fabbro I*), *Fabbro v Commissioner of Social Security*, Case No. 2:22-cv-00478-DB (*Fabbro II*), *Fabbro v Commissioner of Social Security*, Case No. 2:24-cv-01494-CSK (*Fabbro III*).

The administrative record is 1,040 pages [ECF No. 8]. As such, the administrative record is longer than average for a case of this age. Social Sec. Admin., Office of Inspector General, *Audit Report, Decision-writing Backlog in the Office of Hearing Operations* (A-12-18-50579), March 2019, available at https://oig-files.ssa.gov/audits/full/A-12-18-50579_0.pdf (last visited 10/11/2024)("nationally, the average number of pages in disability folders grew from 509 pages in FY 2012 to 803 pages in FY 2018—a 58-percent increase," *id.*, pg. 8); U.S. Gov't Accountability Office, *Social Security Disability, Process Needed to Review Productivity Expectations for Administrative Law Judges*, GAO-21-341, June 17, 2021 ("From fiscal years 2008 through 2020, the average number of pages in each case's medical file increased from 104 to 638, and the total number of pages on average in a case file increased from 166 to 940, about a five-fold increase," *id.*, pg. 28).

The administrative record includes four different administrative law judge (ALJ) decisions. ECF No. 8-20, Certified Administrative Record ("C.Tr.") at 12-30 (2019 ALJ Decision), 103-118 (2015 ALJ Decision), 564-589 (2021 ALJ Decision), 894-918 (2024 ALJ Decision)

///

MODIFIED [PROPOSED] ORDER – STIP. FOR EXTENSION OF TIME        CASE NO. 2:24-CV-01494-CSK

**2. Unanticipated and unforeseeable circumstances after the first extension**

The need for a further extension of time and late filing of Plaintiff's request for an additional extension of time was due to Plaintiff's counsel's unintentional oversight because of unanticipated and unforeseeable events, arising mostly in connection with written discovery, expert depositions, cross-motions for summary judgment, and *in limine* motions allowed because of court initiated trial re-settings and trial preparation in *City of Rocklin v Legacy Family Adventures-Rocklin, LLC*, Case No. 20190309 (El Dorado), a lawsuit between the City and the original operator of the aerial adventure park/ropes course (Quary Park Adventures) opened in late 2018, after the termination of their relationship at the beginning of 2019.

The *City of Rocklin* case is currently set for a seven-week trial beginning November 5, 2024,[1] and on October 2 and 3, 2024, Plaintiff's counsel-here (defense counsel in *City of Rocklin*) was in an California Evidence Code § 402, *Sargon* hearing.[2] The § 402 hearing arose incident to the El Dorado Superior Court deferral of decision on a 44-page *in limine* motion (with about 4,000 pages in exhibits) by the City of Rocklin to exclude the damages expert for Legacy Family Adventures-Rocklin, LLC, a non-operational company, after that client's 73 year-old principal incurred over $85,000 in expert witness fees, pre-hearing, and has had all his and his wife's retirement savings exhausted by litigation costs (*e.g.*, deposition transcripts, electronic records hosting, prior attorney fees) over the five and a half years the lawsuit has been pending. Because of Plaintiff's counsel's focus on and the time required to prepare for that § 402 hearing and because he was in that hearing when the opening brief or request to extend time was due, Plaintiff's counsel inadvertently and unintentionally failed to identify the due date until after the conclusion of that hearing and send instructions to his Social Security legal assistant to seek a

---

[1]    The plaintiff's case in *City of Rocklin* was filed in February 2019 and must be brought to trial before the end of this year under California's five-year mandatory dismissal statute. Code of Civil Procedure § 583.310; Cal. Rules of Court, App. I, Emergency Rule 10(a); *but see,* Code of Civil Procedure § 583.340.

[2]    Cal. Evid. C. § 402, is the State analog to Fed. R. Evid., Rule 104. The case of *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal. 4th 747, concerns the trial court's gatekeeper role to keep improper opinions–particularly speculative opinions—from being offered at trial.

MODIFIED [PROPOSED] ORDER – STIP. FOR EXTENSION OF TIME        CASE NO. 2:24-CV-01494-CSK

1 | stipulation for a second extension of the deadline for the opening brief.

2 |         In addition to the extraordinary demands in the *City of Rocklin* case to address in limine

3 | motions, prepare for and attend the § 402 hearing and prepare for trial (including management of

4 | over 270,000 pages of documents from the parties alone and thousands more third party

5 | documents), and its unanticipated demands throughout September 2024 into the beginning of

6 | October, Plaintiff's counsel also had to address statutory deadlines and unexpected demands in

7 | his criminal case load in San Francisco, San Mateo, Trinity, and Lake Counties; the demands and

8 | filing requirements in about 20 concurrently pending Social Security; and unanticipated demands

9 | in State court civil cases in Alameda, Shasta and Imperial Counties. Beyond those professional

10 | demands there have been unanticipated demands from family obligations after my sister's death

11 | from post-surgical sepsis in mid-August and personal post-surgical follow up medical treatment

12 | in Minnesota at the end of August.

13 |         As a result of all the forgoing and despite Plaintiff's counsel's diligent efforts with his

14 | Social Security legal assistant, review of the Administrative Record in this case has failed to

15 | progress as quickly as counsel has come to expect based on his experience from about 200 Social

16 | Security cases in the last decade and despite that effort briefing of the issues currently is short of

17 | the professional standards expected by the Court.

18 |       **3.  Plaintiff's good faith estimate of the time needed to complete briefing of**

19 |            **Plaintiff's case without prejudice or undue delay**

20 |         Because of the remaining competing demands on Plaintiff's counsel between now and the

21 | end of 2024, including but not limited to, trial of the *City of Rocklin* case beginning early

22 | November, to allow sufficient time for the diligent preparation of Plaintiff's opening brief to

23 | professional standards while Plaintiff's counsel is in trial, to avoid prejudice to Plaintiff and the

24 | presentation Plaintiff's claim, and upon Plaintiff's counsel's estimation of the time required,

25 | without dilatory motive, and not for purposes of undue delay or to prejudice the interest of any

26 | party, there is good cause for an additional extension of time for the filing of Plaintiff's opening

27 | brief from October 3, 2024, to December 2, 2024, a total of sixty days, all other deadlines to be

28 | determined by reference to the Supplemental Rules for Social Security Actions under § 405(g)

4

1    and the Court's procedural order.

2         Defendant does not object to the additional extension of time and stipulates to Plaintiff's

3    good cause.

4

5    SO STIPULATED AND AGREED, October 11, 2024

6

7    WEEMS LAW OFFICES                         PHILLIP A. TALBERT
                                                  United States Attorney
8                                              EDWARD A. OLSEN
                                                  Assistant United States Attorney
9                                              L. JAMALA EDWARDS
                                               Sp. Asst. U.S. Attorney,
10                                                Region IX, Soc. Sec. Admin.

11

12

13   */s/Robert C. Weems*              By:    */s/ L. Jamala Edwards* (by email authorization)
     Robert C. Weems,                         L. Jamala Edwards
14   Attorney for Plaintiff                   Sp. Asst. U.S. Attorney,
                                              Attorneys for Defendant.
15                                            Commissioner Of Social Security

16

17

18                                         **ORDER**

19         Good cause to extend the deadlines is established.  Plaintiff's time to file her opening

20   brief/motion for summary judgment will be extended from October 3, 2024, to December 2,

21   2024, for a total of sixty days.  All other deadlines to be determined by reference to the

22   Supplemental Rules for Social Security Actions under § 405(g) and the Court's procedural order.

23

24   Dated:  October 17, 2024

25

26   CHI SOO KIM
     UNITED STATES MAGISTRATE JUDGE

27

28

MODIFIED [PROPOSED] ORDER – STIP. FOR EXTENSION OF TIME          CASE NO. 2:24-CV-01494-CSK