UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE LEANNE FABBRO,<br><br>             Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | Case No. 2:24-cv-01494-CSK<br><br>ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 23, 32) |

Plaintiff Michelle Leanne Fabbro seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a remand for an award of benefits. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is GRANTED, the Commissioner's cross-motion is DENIED, and the final decision of the Commissioner is REMANDED for further proceedings.

///

---

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 6, 12, 13.)

1

I.  **SOCIAL SECURITY CASES:  FRAMEWORK & FIVE-STEP ANALYSIS**

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. § 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. § 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review of the

Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

II.     **FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS**

On December 12, 2013, Plaintiff filed her first application for supplemental security income under Title XVI of the Social Security Act. Administrative Transcript ("AT") 106 (available at ECF No. 8). On February 17, 2017, the Appeals Council denied Plaintiff's request for review and the decision of the ALJ became final. AT 119-22. The Appeals Council informed Plaintiff that if she filed a new claim within 60 days after receiving the denial, she could use December 18, 2015 as the date of her new claim. AT 120.

On March 21, 2017, Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, alleging she has been disabled since September 1, 2013. AT 125-26. Plaintiff claimed disability due to "pinched hip," chronic pain in shoulder, anxiety, depression, "spine issues," migraines, and "hard to sleep." *Id.* Plaintiff's applications were denied initially and upon reconsideration; she sought review before an ALJ. AT 125-38, 139-53. Plaintiff appeared with a representative at a March 12, 2019 hearing before an ALJ (AT 31-66), and the ALJ issued a decision on May 6, 2019 finding Plaintiff not disabled since March 21, 2017 (AT 15-26). However, the ALJ did not apply the December 18, 2015 date. *See* AT 644; *see also* AT 120. On March 9, 2021, the District Court for the Eastern District of California remanded the case for further proceedings and a new decision pursuant to the parties' stipulation for voluntary remand with instructions for the Commissioner to conduct any necessary further proceedings and issue a new decision. AT 638-39. The Appeals Council issued a remand. AT 644-45. The Appeals Council found that the ALJ did not consider the entire relevant period or lay witness testimony from Plaintiff's mother, and instructed the ALJ to reconsider the medication evidence from December 18, 2015 onward and make findings including evaluating the lay witness testimony. *Id.*

On September 30, 2021, Plaintiff appeared at another hearing before an ALJ (596-624), and the ALJ issued a partially favorable decision on December 2, 2021, finding Plaintiff disabled as of August 21, 2021 (AT 583). On March 14, 2022, Plaintiff filed another case in the district court. *See* AT 938. On January 31, 2023, the District Court remanded the case for a new decision, a hearing, and to further develop the record pursuant to the parties' stipulation for voluntary remand. AT 940. The Appeals Council issued a decision remanding the case. AT 944-45. The Appeals Council found that the hearing decision did not adequately evaluate the medical opinion evidence because the ALJ improperly applied the new standard (20 C.F.R. § 416.920c) and determined persuasiveness instead of weighing the medical opinions under 20 C.F.R. § 416.927, and instructed the ALJ (as relevant here) to further consider the opinion

4

evidence pursuant to 20 C.F.R. § 416.927. AT 944.

Plaintiff appeared with a representative at a January 2, 2024 hearing before an ALJ, where Plaintiff testified about her impairments and a vocational expert testified about hypothetical available jobs in the national economy. AT 919-34. On January 31, 2024, the ALJ issued a decision finding Plaintiff was not disabled between December 18, 2015 and August 20, 2021. AT 897-911; *see* AT 911. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 18, 2015. AT 901. At step two, the ALJ determined Plaintiff had the following severe impairments:  migraine headaches, lumber degenerative disc disease, left shoulder arthritis, depressive disorder, a generalized anxiety disorder, and post-traumatic stress disorder ("PTSD"). AT 901. At step three, the ALJ found Plaintiff's combination of impairments did not meet or medically equal any Listing. *Id.* (citing 20 C.F.R Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered Listing 1.15 (skeletal spine disorders) and 1.18 (abnormality of a major joint in any extremity) for Plaintiff's physical impairments. AT 902. The ALJ also considered that migraine headaches are not a listed impairment, but considered Listing 11.02 (epilepsy) and 11.00 (neurological disorders). *Id.* The ALJ further considered Listings 12.04 (depression),12.06 (anxiety), and 12.15 (trauma- and stressor-related disorders) for Plaintiff's mental impairments, examining the "Paragraph B" criteria for the mental impairments.[2] The ALJ found Plaintiff moderately limited in understanding, remembering, or applying information, in interacting with others, and in concentrating, persisting or maintaining pace; he also found Plaintiff mildly limited in

---

[2] "Paragraph B" lists four categories for evaluating how a claimant's mental disorders limit their functioning:  understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. To be found disabled under the Paragraph B categories, the mental disorder must result in an "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.b. "Paragraph C" listings, including 12.04, 12.06, and 12.15, provides criteria used to evaluate "serious and persistent mental disorders." To be "serious and persistent" there must be a medically documented history of the existence of the mental disorder over a period of at least 2 years. *Id.*, sub. A.2.c.

adapting or managing oneself. AT 903. The ALJ also found the evidence failed to establish the presence of "Paragraph C" criteria. *Id.*

The ALJ then found Plaintiff had the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)), except that Plaintiff:

> [W]as unable to climb ladders, ropes or scaffolds; she could occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch and crawl; she could frequently reach overhead with bilateral upper extremities; she could frequently handle, finger and feel with the bilateral upper extremities; she could understand, remember and apply simple, repetitive job instructions; she could maintain concentration, persistence and pace for simple job, repetitive tasks; she can interact with supervisors and coworkers, but with coworkers not on a team-type of work assignment; and she could have occasional interaction with the public.

AT 903-04. In crafting this residual functional capacity, the ALJ stated he considered Plaintiff's symptom testimony and opinion evidence. AT 904.

The ALJ determined at step four that Plaintiff had no past relevant work between December 18, 2015 and August 20, 2021. AT 909. However, at step five, the ALJ found Plaintiff capable of performing jobs in the national economy, including: (i) housekeeping cleaner, light, SVP 2, with 380,000 jobs nationally; (ii) office helper, light, SVP 2, with 120,000 jobs nationally; and (iii) cafeteria attendant, light, SVP 2, with 44,000 jobs nationally. AT 910. Thus, the ALJ found Plaintiff not disabled during the relevant period. AT 911.

Plaintiff filed this action requesting judicial review of the Commissioner's January 2024 final decision, and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 23, 32.)

### III.    ISSUES PRESENTED FOR REVIEW

Plaintiff contends the ALJ erred: (A) by finding that Plaintiff's bilateral carpal tunnel syndrome was not a severe impairment at step two; (B) by not applying 20 C.F.R. 416.927(c) for weighing medical opinion evidence, despite Plaintiff's filing date of December 18, 2015, and improperly evaluating the medical opinion evidence;

(C) by discounting Plaintiff's symptom testimony; (D) by discounting Plaintiff's mother's testimony; (E) by finding that Plaintiff's mental impairments did not meet the paragraph C criteria; (F) by cherry-picking record citations; (G) by failing to further develop the record; and (H) in assessing Plaintiff's residual functional capacity. Plaintiff seeks a remand for an award of benefits. Pl. MSJ (ECF No. 23.)

The Commissioner argues the ALJ: (A) reasonably found Plaintiff's carpal tunnel syndrome nonsevere; (B) reasonably evaluated the medical opinion evidence; (C) reasonably discounted Plaintiff's subjective symptom testimony; (D) reasonably discounted lay testimony from Plaintiff's mother; and (E) reasonably evaluated Plaintiff's mental impairments at step three. The Commissioner further argues that (F) Plaintiff cannot shift her burden to provide evidence of her disability to the ALJ and (G) that Plaintiff's residual functional capacity argument fails. Thus, the Commissioner contends the decision as a whole is supported by substantial evidence and should be affirmed. Def. MSJ (ECF No. 32.)

## IV. DISCUSSION

### A. Medical Opinion Evidence

#### 1. Legal Standards

For cases filed before March 27, 2017, the ALJ is required to consider a number of factors in deciding the weight given to any medical opinion. These include the examining relationship, the length of the treatment relationship and frequency of examination, the amount of support detailed in the opinion, the consistency of the opinion with the record, specialization of the medical professional, and any other factors deemed relevant. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

#### 2. Improper Legal Standard

Plaintiff argues that the ALJ "ignored the treating physician rule and medical opinions hierarchy" because the ALJ stated that "we will not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s)." Pl. MSJ at 24; *see* AT 909. Defendant argues that the

ALJ mistakenly cited the revised regulations, but expressly stated that he "considered opinion evidence in accordance with the requirements of 20 CFR 416.927" and properly evaluated the medical opinions pursuant to the correct regulations. Def. MSJ at 5.

In 2021, the Appeals Council remanded the unfavorable portion of the prior final decision because it found that "the hearing decision did not include an adequate evaluation of the medical opinion evidence." AT 944. Specifically, the Appeals Council found that "the decision followed the new provision in 20 CFR 416.920c by determining the persuasiveness of the medical opinion evidence." *Id.* The ALJ had improperly applied the standard for benefits applied for after March 27, 2017, rather than the previous standard for benefits applied for before March 27, 2017. *Id.* The filing date for Plaintiff's claim is December 18, 2015. *See* AT 120. On remand, the ALJ was instructed, in part, to "[f]urther consider the opinion evidence pursuant to 20 CRF 416.927, and articulate those findings in the hearing decision." *Id.*

Here, as Plaintiff notes, the ALJ states that he "will not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from your medical sources." AT 909. This is the improper standard for cases filed before March 27, 2017, and was also quoted in the 2021 ALJ opinion that was remanded. *See* AT 581. While Defendant argues that the ALJ expressly cites the proper regulation in the 2024 ALJ opinion—20 C.F.R. § 416.927—the ALJ in 2021 also cited this same regulation (AT 576) and the Appeals Council still found that the ALJ applied the incorrect legal standard.

Further, the analysis of the medical opinion evidence in the 2024 ALJ decision is essentially the same as the analysis of the medical opinion evidence in the 2021 ALJ decision that used the wrong legal standard. The only differences are that in the 2024 decision, the ALJ removed most mentions of persuasiveness, discussed that Toni Childs, M.A., L.M.F.T., was not an acceptable medical source, and added one sentence of analysis to the analysis of Joseph Benson, M.D.'s opinion. *Compare* AT 905-909 (2024 ALJ opinion analysis of medical opinion evidence), *with* AT 577-581 (2021 ALJ

8

opinion analysis of medical opinion evidence). It is concerning that the 2024 ALJ opinion appears to have copied and pasted the portion of the 2021 ALJ opinion that the Appeals Council found applied the incorrect legal standard despite the express instruction to further consider the opinion evidence under the correct legal standard. *See* AT 944.

An ALJ's application of the wrong legal standard is grounds to vacate the ALJ's decision. *See Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) ("[A] decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards."); *Miguel C. v. Kijakazi*, 2022 WL 22879563, at *1 (C.D. Cal. Jan. 27, 2022); *see also Thomas L. v. Saul*, 2021 WL 2646908, at *2 (C.D. Cal. June 25, 2021) (remanding case because the ALJ applied the wrong legal standard to the medical evidence, upon agreement of the parties); *Dorothy D. v. Saul*, 2020 WL 5745805, at *4 (E.D. Wash. Aug. 10, 2020) (finding harmful error and remanding case where the ALJ applied the incorrect legal standard).

Further, the Court finds that this error is not harmless. "An error is harmless only if it is inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (citations and internal quotation marks omitted). The court "cannot substitute [its] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions." *Id.* at 495. Here, the ALJ erred by applying the wrong legal standard, again. It is not for the Court to apply the correct legal standard and make its own determinations as to the medical evidence. *See Meile v. Berryhill*, 2017 WL 972098, at *2 (D. Mont. Mar. 13, 2017) (finding application of the wrong legal standard harmful error); *Dorothy D.*, 2020 WL 5745805, at *4.

**V.     CONCLUSION**

With error established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

9

>(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether Plaintiff was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed, but <u>must</u> apply the correct legal standard to the medical evidence for cases filed before March 27, 2017. The Court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find Plaintiff disabled during the entirety of the relevant period; may find Plaintiff eligible for some type of closed period of disability benefits; or may find that Plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

Because further proceedings are required, the Court will not explicitly rule on the parties' other contentions.

///

# **ORDER**

Accordingly, the Court ORDERS:

1. Plaintiff's motion for summary judgment (ECF No. 23) is GRANTED;
2. The Commissioner's cross-motion (ECF No. 32) is DENIED;
3. The Clerk of the Court shall enter judgment for Plaintiff; and
4. This matter is remanded for further administrative proceedings consistent with this order.

Dated: August 4, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, fabb.1494.25

11